GREGG A. HUBLEY (NV Bar #007386)
CHRISTOPHER A.J. SWIFT (NV Bar #11291)
**PITE DUNCAN, LLP**
701 Bridger Avenue, Suite 700
Las Vegas, NV 89101
Telephone: (702) 991-4628
Facsimile: (702) 685-6342
E-mail: Ghubley@piteduncan.com

Attorneys for Defendants CLEAR RECON CORP. and ONEWEST BANK FSB

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CURTIS FREENEY,<br><br>Plaintiff,<br><br>vs.<br><br>CLEAR RECON CORP., ONEWEST BANK FSB, and FINANCIAL FREEDOM, a division of ONEWEST BANK; DOES I through X, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.:<br><br>**PETITION FOR REMOVAL** |

## PETITION FOR REMOVAL

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

COMES NOW ONEWEST BANK FSB ("OneWest Bank"),[1] by and through their attorneys of record, Pite Duncan, LLP, and hereby removes this action to the United States District Court pursuant to 28 U.S.C. §§ 1441 and 1446, as follows:

1. The ground for this removal is diversity of citizenship pursuant to 28 U.S.C. § 1332.

2. The instant Complaint was filed on October 2, 2013, and seeks to quiet title to real property located at 7937 Sierra Rim Dr., Las Vegas, Nevada 89131. Plaintiff, CURTIS FREENEY ("Plaintiff"), is the Trustee of the Rubina A. Freeney and Attea C. Freeney Family Trust dated April

---

[1] Financial Freedom, a Division of OneWest Bank, FSB, is a fictitious business name of One West Bank, FSB and thus not an independent party.

19, 1999. Plaintiff seeks to rescind the Reverse Mortgage, executed on or about May 20, 2008, by non-parties Rubina A. Freeney and Attea C. Freeney, to purchase real property located at 2730 Parsons Run Court, Henderson, NV 89074 ("Subject Property"). OneWest Bank is the beneficiary of the Reverse Mortgage encumbering the Subject Property.

2. Removal is proper in this matter as this District is located in the place where the action is currently pending pursuant to 28 U.S.C. § 1441(a).

3. Complete diversity exists as follows:

    a. Plaintiff is, upon information and belief, a resident of the State of Nevada.

    b. Defendant , ONEWEST BANK, FSB, is a federally chartered corporation with its principal place of business in Pasadena, California;

    c. Defendant, CLEAR RECON CORP. ("CRC"), is, upon information and belief, a Nevada corporation that was fraudulently added as a Defendant in this matter and thus cannot be considered for purposes of complete diversity. *Wecker v. National Enameling and Stamping Co.*, 204 U.S. 176, 185, 27 Sup. Ct. 184 (U.S. 1907). The instant matter involves the execution of a Reverse Mortgage purportedly by individuals who lacked capacity to enter into such an agreement. The inclusion of CRC was merely done by Plaintiff to defeat diversity jurisdiction. Furthermore, Plaintiff's Complaint fails to allege any causes of action against CRC;

    d. DOES are to be disregarded in this Court's determination of diversity jurisdiction. *McCabe v. General Foods Corporation*, 811 F.2d 1336, 1339 (9th Cir. 1987);

    e. The amount in controversy exceeds $75,000.00, as Plaintiff seeks to rescind Financial Freedom's lien on the subject property. The subject property is worth more than $75,000.00. The amount in controversy for jurisdictional purposes is measured by the amount of damages or the value of the real property that is the subject of the action. *Hunt v. Washington State Apple Advertising Conn'n*, 432 U.S. 333, 347-348, 97 S.Ct. 2434, 2443-2444 (U.S.

1977); *Saticoy Bay, LLC, Series 7342 Tanglewood Park v. JP Morgan Chase Bank*, 2013 WL 5838572, *2 (D. Nev. 2013).

4. OneWest Bank was served on October 9, 2013. The Petition for Removal is thus timely pursuant to 28 U.S.C. § 1446(b) as it has been filed within thirty (30) days of OneWest Bank receiving the Summons and Complaint.

5. One year has not elapsed since the date of the state court action, which was commenced on October 2, 2013.

6. Venue is proper pursuant to 28 U.S.C. § 1441(a) because this District is located in the place where the state court action is pending.

7. Pursuant to 28 U.S.C. § 1446(a), OneWest Bank attaches all process, pleadings, and orders, which are attached hereto as Exhibits A through E.

8. Pursuant to 28 U.S.C. § 1441(c), a true copy of the original Petition for Removal has been filed concurrently with the Eighth Judicial District Court of the State of Nevada in and for the County of Clark and served upon Plaintiff in this case.

9. Supplemental jurisdiction of any state law claims is proper under 28 U.S.C. § 1367(a).

10. This Petition for Removal is submitted to the United States District Court for the District of Nevada subject to the Federal Rules of Civil Procedure, and is signed pursuant to FRCP

11. WHEREFORE, based on the foregoing, the Removing Party hereby removes the above action, now pending in the State Court as Case Number A-13-689620-C, to this Court.

DATED this ____ day of November, 2013.

PITE DUNCAN, LLP

_____
GREGG A. HUBLEY
CHRISTOPHER A.J. SWIFT
*Attorneys for Defendants* CLEAR RECON CORP. and ONEWEST BANK FSB

Freeney v. Clear Recon Corp., et al.
District Court Clark County, Nevada
**Case No(s). A-13-689620-C**

## DECLARATION OF SERVICE

I, the undersigned, declare: I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 701 East Bridge Avenue, Suite 700, Las Vegas, Nevada 89101.

On November 6, 2013, I served the following document(s):

**PETITION FOR REMOVAL**

on the parties in this action addressed as follows:

>Michael Lum
>Corey Schmutz
>**JEFFREY BURR, LTD.**
>2600 Paseo Verde Parkway, Suite 200
>Henderson, Nevada 89074
>Facsimile: (702) 451-1853
>*Attorneys for Plaintiff*

__X__ **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ **BY CERTIFIED MAIL:** I placed a true copy in a sealed envelope addressed as indicated above via certified mail, return receipt requested.

_____ **BY FACSIMILE:** I personally sent to the addressee's facsimile number a true copy of the above-described document(s). I verified transmission with a confirmation printed out by the facsimile machine used. Thereafter, I placed a true copy in a sealed envelope addressed and mailed as indicated above.

_____ **BY FEDERAL EXPRESS:** I placed a true copy in a sealed Federal Express envelope addressed as indicated above. I am familiar with the firm's practice of collection and processing correspondence for Federal Express delivery and that the documents served are deposited with Federal Express this date for overnight delivery.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed this 6th day of November 2013, at Las Vegas, Nevada.

*/s/ Nicole L. Schlanderer*
NICOLE L. SCHLANDERER