UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CURTIS FREENEY,<br><br>                     Plaintiff,<br>     v.<br><br>CLEAR RECON CORP, ONEWEST BANK FSB, and FINANCIAL FREEDOM, a division of ONEWEST BANK,<br><br>                    Defendants. | Case No. 2:13-cv-02054-MMD-NJK<br><br>ORDER<br><br>(Plf.'s Motion to Remand – dkt. no. 6) |

**I.  SUMMARY**

Before the Court is Plaintiff Curtis Freeney's Motion to Remand (dkt. no. 6). The Court has also considered Defendant Clear Recon Corp. ("CRC") and OneWest Bank, FSB's ("OneWest")[1] Opposition (dkt. no. 12) and Plaintiff's Reply (dkt. no. 15). For the reasons stated below, the Motion is denied.

**II.  BACKGROUND**

The following facts are alleged by Plaintiff in his Amended Complaint. (Dkt. no. 4.) Plaintiff's parents, Attea Freeney and Rubina Freeney ("the Freeneys"), owned the real property located at 2730 Parsons Run Court ("the Property") in Clark County, Nevada. In

---

[1] OneWest explains that while "Financial Freedom, a Division of OneWest Bank" was named in the Complaint, Financial Freedom is a fictitious business name of Defendant OneWest and not an independent entity. (See dkt. no. 12 at 1 n.1.) The Opposition, therefore, is on behalf of all Defendants.

1999, the Freeneys recorded a deed of trust in Clark County transferring the Property to the Rubina A. Freeney and Attea C. Freeney Family Trust ("the Trust"). Plaintiff is serving as Trustee of the Trust.

Mrs. Freeney's medical records from 2007 and 2008 indicate that she was suffering from dementia. In April or May 2008, when Mrs. Freeney was suffering from dementia and the Freeneys were both eighty-one years of age, the Freeneys entered into a reverse mortgage with OneWest. Later that year, a doctor determined that Mr. Freeney was also suffering from a number of debilitative diseases and Plaintiff became the guardian to both Mrs. and Mr. Freeney. Mrs. Freeney died in 2010 and Mr. Freeney died in 2012.

On August 2, 2013, Defendants recorded a Notice of Default and Election to Sell Under Home Equity Conversion Deed of Trust or Reverse Mortgage ("Notice of Default"). The Notice of Default listed CRC as trustee and OneWest as note holder and beneficiary.

On October 2, 2013, Plaintiff sued Defendants in the Eighth Judicial District Court of the State Of Nevada ("State Court") alleging five causes of action: (1) rescission; (2) injunctive relief; (3) declaratory relief; (4) deceptive trade practices; and (5) punitive damages. Defendant OneWest removed the case on November 6, 2013, based on diversity jurisdiction. (Dkt. no. 1.) Plaintiff filed a Petition for Remand on November 26, 2013. (Dkt. no. 6.)

Prior to removal, Plaintiff also moved for a preliminary injunction to enjoin Defendants from foreclosing on the Property. (Dkt. no. 1-3.) The parties have subsequently stipulated to, and the Court has ordered, that the Motion for Preliminary Injunction be denied without prejudice as Defendants have not currently noticed a sale of the Property, but that Plaintiff may re-notice the Motion for Preliminary Injunction should Defendants re-notice the sale. (Dkt. no. 14.)

///

///

III. DISCUSSION

    A.     Legal Standard

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment[sic]-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Although an action may be removed to federal court only where there is complete diversity of citizenship, "one exception to the requirement for complete diversity is where

a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001). Joinder is fraudulent "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (*quoting McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987)). In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity. *Morris*, 236 F.3d at 1067.

"The defendant seeking removal is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. However, the party asserting fraudulent joinder carries a "heavy burden" of persuasion. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). Courts must resolve all factual and legal ambiguities in favor of the plaintiff and "[t]he defendant must demonstrate that there is *no possibility* that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *King v. Warner-Lambert Co.*, 2002 WL 988167 (D. Nev. May 7, 2002) (*citing Alexander v. Elec. Data Sys. Co.*, 13 F.3d 940, 949 (6th Cir. 1994)); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, a complaint must contain sufficient factual matter to
///

"state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

**B.     Analysis**

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *see also Cohn v. Petsmart*, 281 F. 3d 837, 840 (9th Cir. 2002). The parties agree that the Property is valued at more than $75,000 and do not dispute that the amount in controversy requirement is met.

The jurisdictional dispute instead concerns the diversity between parties. OneWest has its principle place of business in California and CRC has its principle place of business in Nevada. In its Petition for Removal, however, OneWest argued that this Court should ignore CRC's presence in determining diversity because Plaintiff fraudulently joined CRC. (*See* dkt. no. 1 at 2.)

In his Petition for Remand, Plaintiff argues that the claims against CRC are valid because CRC is the Trustee under the Deed of Trust and "presumably [has] the power to sell the Property in foreclosure." (*See* dkt. no. 6 at 4.) Defendants argue in their Opposition that Plaintiff has failed to state a single claim against CRC and thus CRC's joinder was fraudulent. (*See* dkt. no. 12 at 3.) CRC, as the duly substituted Trustee, had no involvement in the formation of the reverse mortgage that is the subject of the suit. CRC did not become the Trustee until July 23, 2013, five years after the Freeneys entered into the reverse mortgage. (*See id.* at 4.) As a result, Plaintiff's claims of rescission and deceptive trade practices, as well as Plaintiff's derivative relief, are not based on CRC's conduct.

In his Reply, Plaintiff, seemingly recognizing that he has failed to allege a claim against CRC, requests leave of Court to amend his Complaint to assert a quiet title claim. It is inappropriate for Plaintiff to seek to amend his complaint in the Reply to his Motion for Remand. However, even if the Court were to allow Plaintiff to amend upon a

properly filed motion to amend, Plaintiff would still need to demonstrate that the addition of a quiet title claim would remedy the fraudulent joinder. "Typically, a trustee's duties are confined to the duties imposed by governing foreclosure statutes and the deed of trust itself." *Harlow v. MTC Fin. Inc.*, 865 F. Supp. 2d 1095, 1100 (D. Nev. 2012). Plaintiff's Amended Complaint alleges no facts indicating that CRC violated either a foreclosure statute or the Deed of Trust. The Court therefore finds that CRC is a fraudulently joined party and shall not be considered for the purposes of jurisdiction.

Given that the parties are diverse and the amount in controversy requirement is met, the Court will exercise jurisdiction over this dispute.

## IV. CONCLUSION

It is hereby ordered that Plaintiff's Motion to Remand (dkt. no. 6) is denied.

DATED THIS 22nd day of April 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE